THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina
 Department of Social Services, Respondent,
   v.
Chris M. and
 Julie M., Defendants,
Of Whom Julie
 M. is the Appellant.
In the interest of one minor child under the age of 18.
 
 
 

Appeal From Laurens County
Joseph W. McGowan, Family Court Judge

Unpublished Opinion No. 2011-UP-382 
Submitted July 1, 2011  Filed August 4,
 2011 

AFFIRMED

 
 
 
Jonathan A. Neal, of Greenville, for
 Appellant.
Laura Bardsley Houck, of Laurens, for Respondent.
Donna J. Jackson, of Clinton, for Guardian ad Litem.
 
 
 

PER CURIAM:  Julie M. (Mother) appeals from the family
 court's permanency planning order awarding custody of her child (Child) to
 relatives and relieving the South Carolina Department of Social Services (DSS)
 from providing treatment services for her.  Mother argues the family court
 erred in finding DSS made reasonable efforts to provide treatment services that
 would assist in her in remedying the cause of Child's placement in foster
 care.  We affirm.[1] 
 We find a
 preponderance of the evidence supports the family court's holding that DSS made
 reasonable efforts to provide treatment services that would assist Mother in
 remedying the cause of Child's placement in foster care.[2]  See S.C. Code Ann. § 63-7-1640 (Supp. 2010) (identifying several factors
 for the family court to consider when making a determination of reasonable
 efforts).  Here, it was in Child's best interests for DSS to forgo reasonable
 efforts to provide further treatment services for Mother because of Mother's
 failure to complete the goals of her treatment plan as well as the necessity of
 providing a stable placement that could address Child's special-needs
 requirements.  A review of the record indicates DSS provided treatment services
 for Mother in the form of parenting classes and living and parenting skills
 training from a disability advocate.  However, Mother failed to complete her
 living and parenting skills training despite the disability advocate's repeated
 efforts to schedule appointments with her.  Additionally, DSS, the disability
 advocate, and the GAL all expressed strong concerns about Mother's capacity to
 care for Child, especially given Child's special-needs issues and Mother's
 inability to comprehend and apply the information she learned in order to
 properly care for Child without endangering Child's safety.  Accordingly, the
 family court did not err in finding DSS made reasonable efforts to provide
 treatment services for Mother.
 AFFIRMED.
WILLIAMS
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The family court "must make specific written
 findings in support of its conclusion" to either terminate or continue
 reasonable efforts.  S.C. Code Ann. § 63-7-1640(F) (Supp. 2010).  We note the
 family court failed to include specific written findings supporting its
 decision to terminate reasonable efforts.  When an order of the family court
 violates Rule 26(a), SCRFC, by failing to set forth specific findings of fact
 and conclusions of law, this court may remand the matter to the family court or
 make its own findings of fact in accordance with the preponderance of the
 evidence if the record is sufficient to allow such a review.  Griffith v.
 Griffith, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998); see also Ex parte Morris, 367 S.C. 56,
 61, 624 S.E.2d 649, 652 (2006) ("In appeals from the family court, the
 appellate court has the authority to find the facts in accordance with its view
 of the preponderance of the evidence.").  We find the record in the case at bar is sufficient to allow such a
 review.